First case up this morning is 4-12-0-2-5-8 This is Order in all Mr. Kraft Foods Global, Inc. For the appellant is William Graham, are you? and Douglas Phebus Okay The Okay, well the it says Douglas here Are you both gonna be arguing? Okay Thank you, and for the appellee Daniel Kaplan Okay, mr.. Phoebus you may proceed sir I Am here on behalf of approximately 1,200 workers at a non-union production plant located in Illinois which of course is in the United States thus the laws of Illinois and the laws of the United States apply This is a non-union plant that is basically a line plant is everybody has to be on a line working the Laws that we have before us have the intent of protecting the worker Not to be a subterfuge for the boy. I have three basic points. I'd like to talk about one is Entry to exit this is based on Anderson versus Mount Clements pottery Which is the definitive US Supreme Court case? construing the Fair Labor Standards Act of 1938 that case has Been cited by Illinois courts, but never Cited or discussed in regards to the issue for which we are referring to Namely that a under the FLSA Before the 1947 From the time the person enters into the work facility to the time the person leaves And I said I would put a caveat of reasonable time required for doing whatever the person has to do that is Going to the work putting on equipment going to the workstation And everything from when you enter to when you exit was covered by the law now Congress in 1947 in the Ill-named portal the portal act said no you no longer pay from when you enter until you exit But that's statute that were an equivalent thereof has not been enacted in Illinois So any federal cases any federal regulations that are based on and are reliable on the portal to portal act are irrelevant The Illinois administrative code to the contrary in defining ours work has a Definition that would not be consistent with federal portal to portal act namely section of 56 to 10 dash 110 provides that hours work means all time an Employee is required to be on duty comma or on the employers premises comma or at other prescribed places of work Comma and any other additional time he is required or permitted to work for the employer So we're saying based on that definition and based on Anderson from when the person enters the plant No leaves. It's covered and you need not get into the niceties of Protective equipment and de minimis and this type of thing But obviously we would agree that it's to be reasonable time a person cannot go in early and take a nap and be paid When you when you apply the definition that the Illinois Administrative Code has We suggest that the plaintiffs are entitled to be compensated for all Break time or I should say all breaks whether for lunch or for any other reason From the time they enter the time they leave and all activity concerning Walking to their workplace and from and all activity concerning the putting on of equipment now in regards to the Portal to portal act if we were to sue And we go a step further we'd assume well, let's assume it has been enacted in Illinois it hasn't It would be a there's no basis for assuming it has the General Assembly's had since 1947 to enact an Illinois version and it hasn't but when you get into portal and portal portal to portal you have to consider that this Type of planet is we're not a foundry. We are a they are a food plant That's they must have protective equipment to protect the food protect the employees some equipment facing protects the food the hairnet some protects the employee the the bump cap the Earplugs safety glasses, but but the smock for example the clothing protects the food so Keeping that in mind one must look at to what extent is time spent Compensable we suggest that This is a factual question the parties in fact agreed to defer Doing the time and motion studies in this regard until after their certification because it's not necessary to get to that stage but if you would say But courts have Some of the cases cited have said you got to look at this in the aggregate You can't just say well 30 seconds to do this a minute to do that so on It's just the minimus because When you look at it say these people got somebody's making $15 an hour your time over 40 is a time and a half, but it just $15 an hour one minute of time Four minutes of time is $1 four minutes of time Twice a day is $2 before going to time and a half would be $3 and Five days a week so on and so forth it becomes Substantial money to a working man who's working on an hourly basis mr.. Phoebus. Do you sir do you? Use airplanes you fly commercial Unfortunately yes, yes are you one of those fellows that gets to the airport at the time that the airport or the Airline tells you to get there to make sure that your bags are checked and that You're at the boarding gate when you're supposed to or do you come a little bit later to even come earlier than that I Come late when my wife's with me. I have to come earlier I'm always one of those people. It's early because it makes me feel more comfortable I spend more time Preparing than I need to because that makes it easier for me my middle state Why is it in an individual choice? whether you do things like Carry your earplugs with your your hairnet with you or do those in the car do those in the parking lot or do those at? home Some people do things at the last minute some people do things well in advance some people wait till they Get to work to change shoes. I mean all those seem to me to be matters of individual choice rather than a Blanket statement that all employees are going to handle that the same way well your honor Some things and a good man of Factoring practices, okay are supposed to be done at the plant well They let you take your bump cap home, and I would question. That's good manufacturing practices But but you can't you're not supposed to wear your hair net second day or beard net the second way So you're supposed to do something to protect the food against contamination? But then one would have to look at them in total to see what is Actually for protection of food and protection and look at the totality of the time. I'm not sure the Concern of you and my wife for how long when you got to ride with the airport is really a good analogy But well, it's a matter of I understand about the industry practices, but how do you account for? If I go to the gym and work out in the morning I'm done, and I'm out of the gym in 30 seconds my grandson. I wait for him to come out after a workout I'm maybe 30 minutes later. Yeah, I hope you meant 30 minutes not 30 seconds The individuality of it is how does it? How can that apply to a class in in this type of litigation the appropriate way in which it is done? is you have a Statistically appropriate cohort and you do time studies and determine what is the Rough average and it's kind of you know rough justice versus no justice and Some people may get may get there early because they're all want to be sure they get the right hair net or get it on their hair, right and Others may come in slap it on and off off they go so there has to certainly be evidence to establish What is an appropriate amount of time and we do not have that before us at this time your honor? So and whether something is It shouldn't be a basis of the decision here at this time because it's a factual driven question as to how much time is Necessary and what activities are necessary to protect the person or protect the food so we feel that a Summary judgments should never been allowed based on the fact that there's no portal to portal law in Illinois And you do the same statistical analysis with relevant cohort under that circumstance even we don't say you could get there Three in the morning take a nap and be paid The the other one is that It is a factual question What is the minimus and what is essential so forth the third and most fascinating part of the case? Is what I refer to as bait-and-switch craft puts out a Memorandum or a policy that says it's in our initial brief that you work an eight-hour shift six thirty to two thirty You get a 20-minute lunch break. It's paid and a 20-minute paid break and a no unpaid break Then those which most of the people That have a what they call a green room meeting a coordination meeting They have to be in their uniform with their protective gear and in their seat 15 minutes before their line time starts and so how does craft get around this they say well you get a unpaid 15-minute break Now the trouble with crafts thing here is is craft realized that applying federal regulations You got to pay for a 15-minute break Illinois does not have a regulation saying specifically Any time involved it does say when you're on your employees premises in 210 It's work time But when we also though Illinois law is under the regulations that the Department of Labor can look at the federal Regulations under the Fair Labor Standards Act it doesn't say federal regulations under the portal portal act we have no Federal regulations under the Fair Labor Standards Act have made it clear that a a That a rest period Five minutes about five minutes to 20 minutes is common in the industry Promote efficiency, and they must be counted as hours worked And they cannot be offset against other time Thus a 20 minute craze Position was The employees were paid for the green room time But they simply were not paid for all of their lunch break only five minutes of it as I understand it that became a position trying to What's wrong with that position? What's what's wrong with that position is you you've got to pay for a 20-minute lunch lunch break of 20 minutes under federal regulations? federal regulations in C Fr 29 CFR 785 point one eight provides that the federal regulations also in one nine 785 point one nine Talk about what would be a bona fide meal period would be 30 minutes or longer Craft for its own reasons decide to be a 20-minute lunch break They could have made it a 30 minutes break or longer and said We're not going to pay you But they didn't and I and why I have good ideas line work, and you've got to keep that line moving but the the fact of the matter is that Craft had to pay for that lunch break and had to pay for any other breaks They could not say that something of 20 minutes or less under federal regulations. They didn't have to pay for That's that's why they went into this Same we pay for lunch, and then we go back say well. No we don't pay for lunch This is something that occurred to him during the course state I'll say about payment pardon me what is state law say about payment for lunch breaks state law is silent on that the craft refers to the Minimum wage and one day at 7 rest period and one day at 7 says that you must have if you I'm trying to find it here the Meal period if those who work for seven and a half hours continuously or longer Except for specified in this section, and it's not really relevant there must have at least 20 minutes for a meal period Beginning no later than five hours at the start. It doesn't say you do get paid you don't get paid I'm not aware of any place in state law. It says you have to be paid for lunch periods From that craft concludes you don't have to be paid for lunch periods. Well that seems logical to me It doesn't say you have to be paid yes, why isn't a logical inferences You don't have to be only for me because under the federal Regulations you do and last I knew the state of Illinois was in the part of the United States, but just a few minutes ago That we should follow state law when there is state law not federal law You say I think what you're saying is your interpretation is state laws is different than crafts. I guess well No, no, it isn't your honor I I think the laws are these are to protect the employees and they both give rights to the employees and Employees where their right to be patient of the federal law or rights to be patient of the state law Whether right to a break is under federal law or state law You have to look at what is more favorable to employees So I am saying that federal government says when a break is 20 minutes or less You've got to pay regardless of what the break how it's characterized how it's used and I'm saying that The state of Illinois does require a 20-minute break, but doesn't speak to whether that 20-minute must be So I Think that when you consider the legislative purposes of this of the federal of the state federal legislation that The people were entitled to a 20-minute period at least a 20-minute period Craft could give them more of a 20-minute period could have made it a 30-minute period and said we're not paying you the craft chose to make a 20-minute period and Said they were going to pay and now they say well wait. We're going to do an offset here, and that's The the second leg of their bait-and-switch they're saying well, we're going to take this Time that we wear this Compensable the non-compensable lunch period which is compensable because it's less than 20 minutes, and then we're going to apply this straight time a Lunch period to what would be? over eight hours or 40 hours a week so as to offset and the cases do not allow or explain that much better much better than I in the Ninth Circuit case The cases craft relies on all of them have 30 minute or more Lunch breaks, they do not even cite to the federal Act the I'm looking for my Note the citation of it here, but the under the Fair Labor Standards Act It is I'm looking quite frankly looking for citation here the yes the the Polaris case Ninth Circuit 2004 has an excellent discussion of how They cannot do this bait-and-switch by offsetting Time in fact they were required to pay for the lunch period and to say we're going to offset the lunch period against The agreement or we're going to Somehow have this illusory Non-existent break 15-minute break you got to pay for a 15-minute break if you did give it mr.. Davis you are you also under doodle out that there is a contractual right in this case and I wanted to ask you about the language in The craft used which Spoke about The matter of How the policy manual is not intended to alter the employment status of any employee Doesn't express or imply a contract between you and craft potential. Why isn't that disclaimer? sufficient The well a the break period is 20 minutes, and there's supposed to be paid under federal law Addressing did the doodle out point now You're claiming that there's an implied contract on the doodle out. Why doesn't the language used by craft and the policy? It why isn't that sufficient to disclaim? The it would not it might disclaim a contract claim, but would not disclaim a promissory estoppel It's our position I mean the people did work Based on the representations in the policy manual, but I don't know if we can reach that point is Okay, well your time is up. You have an opportunity to address this again. Thank you. Mr.. Kaplan Thank you, please the court council I Must disagree with mr.. Phoebus just at the outset. This is not a case Involving 1,200 named plaintiffs and mr.. Phoebus's clients not represent 1,200 individuals This is an individual case involving four named plaintiffs asserting statutory wage claim Under Illinois state law No class has ever yet been certified or ever been certified in this matter all four plaintiffs were deposed and Their admissions were taken to heart and utilized by the circuit court below in rendering its decision the circuit court carefully reviewed the facts and the law in this case and while reviewing this court is de noble the circuit court threshed out these very issues and Authored a very thorough decision and order with a fully developed record These are pure statutory Illinois statutory claims that issue here well just pausing right there you heard mr.. Phoebus just raised a claim that there is a Federal Administrative rule which also applies and which he alleges craft is violent or about that The federal rule to which mr. Phoebus argues is with respect to the meal period correction and There is direct Illinois law on that very point Well, I think both parties or both sides would agree that you'll look to the Fair Labor Standards Act as amended And it's pieces for interpretive guidance of the Illinois minimum wage law You first look to the Illinois minimum wage law in its Regulations to determine whether or not you need additional interpretive guidance in this respect with respect to the meal periods you do not Under the Illinois minimum wage law in the one day of rest in seven law they work together You cannot ignore one statute in favor of the other You are required by law employers are required by law to provide a 20-minute meal break under 820 ILCS 140 slash 3 every employer shall permit its employees who are to work for seven and one half continuous hours or longer Except those specified in this section at least 20 minutes for a meal period Beginning no later than five hours after the state start of the work period the regulations issued by the Department of Labor under that Work period as defined in section two two zero point eight hundred hearing during which an employee is not permitted a meal period of at least 20 minutes that's found in a minute, Illinois Administrative Code section two two zero point nine zero five You then turn to the definition of hours worked under the Illinois minimum wage law at section two one zero point one one zero and It defines hours worked in the very second paragraph of that section to state and employees meal Periods those meal periods that Illinois state law requires an employer to provide as we've just talked about Our compensable hours worked when such time is spent Predominantly for the benefit of the employer rather than for the employee, so we have a Illinois state statute Which specifically identifies 20 minutes as the period of time that must be provided for a meal period we have in Illinois? Administrative regulation which again identifies 20 minutes as the length of time for a meal period and then we have Illinois regulation which specifically states that it need not be compensated If it is not Predominantly spent for the employee I'm sorry for the employer What does that mean for the benefit of the employer oh? there is No record. I believe before you as to predominantly or what it means to be a benefit for the employer But what exam but not for this case, but any sure I think the examples exist in the record when we have testimony from one of the main plaintiffs Specifically identified that he is permitted to leave the facility He takes at least 20 minutes and many times longer And he goes to La Bamba is the case may be in Champaign to get a burrito and have his lunch and enjoy his lunch I think when the wreck the regulation was drafted and when the Department of Labor passed that regulation They used the word Predominantly for a reason that means not partially not one half Predominantly so what that mean like someone required to you can have your lunch, but you have to stage your desk and answer phone exactly I think that's exactly what the administrative regulation was getting at or as Judge Jones illustrated below in his circuit court decision and when he was discussing this at oral argument for example If somebody's at the ham sandwich in their left hand, and they're doing their whether it be a computer numerical controlled Planning or CNC You know machining operation or something else with the other hand if you're engaged in work Activities that directly benefit the employer. I think that's when you start to have that benefit What about the argument that mr.. Fee was just made about? 29 CFR 785 point 18 Which if I understood correctly is asserting as a separate independent basis For the plaintiffs claims alleging that Federal Regulations clearly mandate that all breaks of 20 minutes or less must be paid again I would refer you to the complaint the amended complaint and the claims that have been asserted in this case They are pure Illinois statutory law and to the extent that there is some differing question about a regulation Propounded by the Department of Labor as to the FLSA versus a Regulation and a statute propounded under Illinois law. I think we have to go with the Illinois law We're here on Illinois statutory claims so they didn't raise the CFR claim in the Trial level below it was never asserted as a claim There has never been a Fair Labor Standards Act claim asserted at any time in this case They have asserted that again I would argue that for purposes of taking on the interpretive guidance that you should look to the Federal Department of Labor regulations for purposes of interpretive guidance, but we don't need that interpretive guidance here because we have state Guidance directly on point we have again a state statute and administrative regulations on that point so your position Is the plaintiffs here never claim? Craft violated Federal labor standards, that's the basis of our claim based upon 29 CFR 75.8 if they did we would be in federal court your honor frankly We would have had this case removed in this case if they were asserting a claim under the Fair Labor Standards Act We would be before the federal court And there are multiple arguments why and on in various circumstances a 30-minute lunch break is not required for various places so your position is this federal minutes this federal regulation, Mr.. Thiebaud sites is a Interpretive matter or is a regulation arising from the FS la From the FL. I said correct FL. Yes, there's a lot of acronyms, and I just spoke okay and can the federal regulation itself be the basis of a Cause of action about a claim violation not here your honor because we are dealing with an Illinois statute in Illinois claims And I would suggest I would state that the Department of Labor in the Federal Department of Labor when it when it promulgated its Regulations those were regulations with respect to the Fair Labor Standard Act and when the Department of Labor of Illinois Promulgated its regulations those were regulations with respect to the Illinois minimum wage law well the reason I mentioned that is because there are some federal Statutes which are enforceable in state law and The state courts correct and the Fair Labor Standards Act could be one of those there is state courts Do have concurrent jurisdiction with the federal courts for enforcing claims under the FLSA, but that's not this case We have solely Illinois statutory claims asserted here, and we have interpretive regulations that apply to those Those claims from the Illinois Department of Labor that differ from the federal Department of Labor Regulations and if we have an Illinois claim We have to apply to the regulation getting to the chase here your position is there never was a claim made by the plaintiffs of violation under the FLSA or federal regulations arising there from and to the extent there is any reference of any of that at the trial level it was merely to try to Talk about how this would have been handled in the federal court for some guidance for the trial court, but you say it's not this Correct, and I think you're here for mr. Phoebus as well He addressed the federal regulations for purposes of persuading how the Illinois law should be interpreted and again I agree with mr. Phoebus that we must look to the Fair Labor Standards Act as it's amended for Interpretive guidance that is necessary But on this but the amount of time associated with a meal break claim There is no interpretive guidance necessary on that point that point has been remedied by the Illinois Department of Labor Go ahead Back to your initial statement First address the court said this is not a class action. That's correct There are four plaintiffs and yet opposing counsel referenced 1,200 employees Why is it that you two are couching it so differently Where does the 1,200 come from? Why do you say it's not a class action? Why does he imply that it is is that because depending on what happens here? There'll be a request for certification of a class action. Can you bring me up to speed on that sure? When this case was originally filed it was filed as a purported class action with two named plaintiffs It was later amended to add two additional named plaintiffs, so we then had four named plaintiffs It was still filed as a purported class action. We have had no briefing and no decision on class certification today So it is presently just four named plaintiffs, and if they have no claim as the circuit court below Said then we have no class action. We have no claim. We have no case Okay, thank you. I have one move on to another question absolutely I understand it that Some employees are at the plant for eight hours and get paid for eight hours is that correct that is correct other Employees those in fact who are at issue here are there for eight hours and 15 minutes But they only get paid for eight hours is that correct that is also, okay, is that problematic that one set of employees? Gets paid for every minute that they're there the whole eight hours and the other set of employees Only get paid for eight hours yet. They're there 15 minutes longer. It is not a problem It is not a problem for this reason the plaintiffs in this case the four individuals are actually on site for eight hours And 15 minutes when they're on site and get paid as you've noted for eight hours They actually work only seven hours and 30 minutes They have 45 minutes worth of break and lunch time as specified in policy be one Which is the break and lunch policy which is part of the record from below? It is found at C 1075 The 45 minutes that each of the individual plaintiffs receive Means that they actually work seven and a half hours now of those 45 minutes 30 of the minutes are paid and 15 are unpaid 20 minutes are also afforded of those 45 for a lunch or meal period Because Illinois law specifies that a meal period need not be If you want to argue that they're needing to be compensated for the break time that's not a meal period you have the main plans present for seven hours and 55 minutes, but receiving compensation for eight Granted other employees none of which are present here are on-site mechanics and distribution Employees for eight hours and receive eight hours of compensation They receive 30 minutes of break and lunch time so 15 minutes fewer of Break and lunch time well seems to me that the bottom line is is that? The employees that are there for eight hours and 15 minutes Do not get paid for their lunch break except for five minutes whereas the employees that are there for the entire eight hours get paid for 20 minutes of their lunch break that's accurate okay Well is that a problem then that they're treated differently is no you get paid for lunch, but you don't get paid for it It's not a problem and again. I would I would point to two reasons one is the The employees who are there for eight hours and get paid for lunch don't get paid for a second rest break the employees who are There for eight hours and 15 minutes do get paid for a second rest break The only time that such a dichotomy would create a problem is if it was created on an impermissible basis for example If all of the mechanics and distribution employees were women or african-americans And they're being treated differently based on an immutable characteristic that would create a problem I'm under the necessarily the Illinois minimum wage law, but under non-discrimination laws And that's not the case here an employer can choose to treat employees in varying fashions for example Many employees in craft get one wage while another set of employees at craft get paid higher. We have differences created between Classifications of employees that is routinely and always permissible so long as it's not based on an impermissible Characteristic, I'm not sure so in the brief, but what are the salaries of these four points? I don't recall specifically I believe the four-name plaintiffs received compensation somewhere between Twelve and fifteen or twelve and sixteen dollars an hour in any event. That's not Relevant to the issues before this court whether it was twelve dollars an hour or thirty dollars an hour correct I Would suggest that? Mr.. Phoebus talked about Entry and exits and that the Illinois law provides for compensation from entry to exit When mr. Phoebus also argued was that the portal to portal act is not Applicable to this case as it relates to the Illinois law we both agree Mr.. Phoebus, and I that you need look at the Fair Labor Standards Act as its amended and its case law for interpretive guidance On the Illinois minimum wage law where we differ is whether or not the portal the portal act is in fact an amendment to the Fair Labor Standards Act for Obvious reasons I will point to the United States Supreme Court decision in IVP Inc. Versus Alvarez Therein Justice Stevens in the very first sentence of his written opinion says these consolidated cases Raise questions concerning the coverage of the Fair Labor Standards Act of 1938 the FLSA as amended by the portal portal act of 1947 with respect to activities of employees who must don protective clothing on the employers premises before they engage in the productive labor For which they are primarily hired in addition the Fourth-Circuit Court of Appeals in Sepulveda Versus family Sorry Versus family Allen family foods incorporated also says That the portal the portal act is an amendment of the Fair Labor Standards Act in fact It says it as noted above the FLSA Which was enacted in 38 does not define the terms work or work week the Supreme Court defined these terms broadly in its early FLSA decision it defined them so broadly in fact the Congress found it necessary to amend the statute to restore some sanctity to private employment contracts thereby referencing the portal the portal act and closer to home the Seventh Circuit Court of Appeals on December 14 of 2011 in Keller versus Summit Seating Incorporated 664 F 3rd 169 States that the Portal to portal act of 19 the portal portal act in relevant part amended the FLSA to eliminate I'm sorry eliminate employer liability quote an account of activities Which are preliminary to or post eliminate to principal activities etc. There is no debate And there should be no dispute that the portal the portal act is in fact an amendment of the Fair Labor Standards Act And it was an amendment that occurred in 1947 and when the Illinois Department of Labor adopted administrative code section 210 dot 120 directing anybody Who's interpreting the Illinois Minimum Wage Act to look to the Fair Labor Standard Act as amended that occurred in? 1995 long after the portal portal act had become a part of the FLSA Justice connect you had a question, and I think a very poignant one with respect to What is reasonable for arrival if you adopt the Position purported to be taken by the plaintiffs in this case that you should be paid from crossing of the threshold forward and backwards This will be the first court in the first state in the country to have ever adopted such an interpretation of its Wage-an-hour law or any wage-an-hour law and the reason that it's difficult in that regard is because you noted What would be reasonable for one person to show up at the plant a second before their shift starts? Might be reasonable to him or her whereas for another employee to show up to the plant They may want 20 or 30 minutes to get ready before they work. They may want to relax They may wish to read the paper a week to compensate all Persons for all 20 30 40 minutes from once they cross the threshold of the property as the plaintiffs would have you believe To get around that Mr.. Viva suggests that we could have the employer conduct a statistical study and an analysis by the plaintiffs reading of the Illinois minimum-wage law then every, Illinois employer must employ a statistician or an expert to first conduct an Analysis to determine what may or may not be reasonable for periods of time when they cross the threshold your time's up, Mr. Campbell Mr.. Famous any rebuttal sir, okay? the Administrative code that would both talked a lot about section 210 110 in the first paragraph says hours work when employee is Required it is on the is required to be on duty comma or is on the employers premises Now that's where we get our belief and when you look in regards to Portal to portal, but you look at the statutes And you will see that in fact the portal portal act is not an amendment to the Federal Labor Standards Act In all due respect He is talking a little loose with the language it does it does In practice amend statute, but it is not an amendment to the statute and reading your brief Davis your first sentence in your introduction says You filed a putative class action against the defendant for unpaid wages pursuant to the Illinois minimum wage law in the Illinois wage and collection act Excuse me, Illinois wage payment collection There's no reference there about any claim being brought under federal authority the claim About under thank you the under the Illinois wage payment collection act any Wage claim can be brought That's so you can be owed it under federal regulation, but it can be collected under the wage payment And collection act well, why wouldn't Illinois law? Apply to this if this is an Interpretation application of these two laws you cite and see whether or not Craft has violated them as opposed to the federal regulations you earlier mentioned The the Illinois Laws do not say they do not say you do not have to pay for a lunch break period they don't say that But what you if you would look go back at 210 the second paragraph 210 110 it says and employers and employees meal periods and Then it has an and Time spent on call away from his her slash her employers premises our compensable hours worked Which went when such time is predominantly for the benefit well a predominantly for the benefit? I believe only applies to the time away from the business not the time the meal periods It doesn't say employers meal periods when are the employees meal periods when predominant are Only paid when they are predominantly for the benefit of the employer Second though predominantly is a question of fact not a question for summary judgment It is so it like those are my answers to that the the Right under the the Hours work definition The plaintiff is entitled Plaintiffs are entitled to be paid obviously we're a purity of class action this We're not certified yet and I would point out interestingly the one person who said he Does he does leave is the one person who? Did not have green room meetings. He's a maintenance person. They're much looser scheduled than everybody else's The great vast majority who are lying people the the Predominantly is construction and reading the statute I suggest that predominantly does not even qualify meal periods and You should look to they're required to comply with federal law in making their payments And that's why we can bring a claim against them under the Illinois wage payment collection Let your honors have other questions